# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHELLY WAYNE MARTIN, | * | |
| Petitioner, | * | Civil Action No. JFM-16-109 |
| | * | Criminal Action No. JFM-04-29 |
| v | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

## MEMORANDUM

Shelly Wayne Martin was convicted by a jury of two counts of racketeering conspiracy and sentenced to concurrent 400 month sentences. On appeal, his conviction was affirmed by the United States Court of Appeals for the Fourth Circuit. Martin filed a motion to vacate under 28 U.S.C. §2255, which this court denied on the merits. The Fourth Circuit denied a certificate of appealability and dismissed Martin's appeal.

On January 11, 2016, Martin filed this self-styled "Motion under the Declaratory Judgement Act of 28 U.S.C. §2201," complaining this court lacked jurisdiction to sentence him to a concurrent sentence of 400 months. (ECF 799). Although Martin captions his motion as a requests for declaratory judgment, he is essentially attempting file a collateral challenge his sentence.

The Declaratory Judgment Act provides that a court of the United States, "[i]n a case of actual controversy within its jurisdiction ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a). A district court does not have jurisdiction to entertain a declaratory judgment action as a substitute for post-conviction remedies pursuant to 28 U.S.C. §2255. *See Pruitt v.*

*Campbell*, 429 F.2d 642, 645 (4th Cir. 1970); *Hurley v. Lindsay*, 207 F.2d 410, 411 (4th Cir. 1953) (per curiam) ("If there was any irregularity in the sentence or orders under which appellant was held, and we do not intimate that there was, appellant's remedy was a motion in the sentencing court under 28 U.S.C. §2255, not a petition for a declaratory judgment in another court."). Accordingly, the motion for declaratory judgment will be denied.

Martin is challenging the legality of his federal sentence, and his motion is properly brought pursuant to §2255 unless "the remedy by motion [under §2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e); *see In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (en banc). To the extent he seeks to raise new claims bearing on the validity of his sentence, a §2555 motion is the appropriate vehicle. *See In re Vial*, 115 F.3d at 1194 n.5. Martin does not allege §2255 provides an inadequate or ineffective remedy.

Martin offers no indication that he has obtained certification from the court of appeals as required under §2255(h) to bring a second §2255.[1] Absent prefiling authorization, this court lacks jurisdiction to consider a successive §2255 motion. *See* 28 U.S.C. §2244(b)(3)(A) (2012). The court will deny the motion for declaratory judgment, dismiss the case without prejudice, and deny a certificate of appealability in a separate order to follow.

_2/9/16_
Date

J. Frederick Motz
United States District Judge

---

[1] Martin's motion to proceed in forma pauperis (ECF 800) will be dismissed as moot. No fee is charged to file a §2255 motion. *See Rules Governing Section 2255 Proceedings for the United States District Courts*, Advisory Committee Notes (1976).